United States District Court
Southern District of Texas

**ENTERED**

July 28, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUNIOUS R. VALENTINE, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. H-14-3111 |
| | § | |
| vs. | § | |
| | § | |
| UNIVERSITY GENERAL HOSPITAL, LP | § | |
| & UNIVERSITY HOSPITAL SYSTEMS, | § | |
| LLP, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Fed. R. Civ. P. 52 (a)(1) the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. Plaintiff Junious Valentine ("Valentine") is an African-American male. He was employed by University General Hospital, L.P. ("Defendant") from October 2012 to March 2014. Defendant is an employer under Title VII of the Civil Rights Act of 1964. Plaintiff was not employed by University Hospital Systems, L.L.P.

2. Valentine held the job of Scheduling and Communication Supervisor.

3. Valentine's regular rate of pay was $14.90 per hour. The credible evidence does not persuade the Court that Valentine

would have received a higher salary had he not been terminated.

4. Defendant also provided $200.00 per month in health insurance benefits for Valentine and his family.

5. From the beginning of Valentine's employment for Defendant, inappropriate sexual banter and similar conduct permeated the office environment. For example, female co-workers routinely engaged in sex-based talk, such as discussing intercourse with co-workers and others.

6. Inappropriate and unwanted touching was also part of the work environment. During an office birthday party held for Valentine's supervisor, co-workers decorated her car with the lubricant K-Y Jelly and condoms. During the office party, co-workers would openly discussed lubricants, and bought Valentine a tube of lubrication. They asked him whether he engaged in certain type of intercourse, and made other offensive comments. Valentine felt extremely uncomfortable, which he voiced, but his co-workers continued, in amusement and ridicule of him.

7. Other instances of such inappropriate conduct involved co-workers demanding or strongly suggesting Valentine have sex with them because they wanted to try "dark meat."

8.   Such conduct had a serious, negative impact on Valentine. He suffered emotionally and experienced anxiety, shame, humiliation and restlessness. This conduct also adversely affected Valentine's relationship with his wife.

9.   Valentine complained to Defendant's Human Resources department about this conduct, but nothing was done because his supervisor, Melissa Lowrance, was involved in the conduct.

10.  After Valentine complained of this conduct, he was falsely accused of sexual harassment, and was suspended on or about February 28, 2014, even though it was Valentine who had complained about the sexually charged atmosphere.

11.  In early March 2014, Valentine was interviewed by telephone by Yolanda Wilson, a Human Resources department representative of Defendant. Within a couple hours, she notified Valentine that he had been terminated.

12.  Valentine filed a charge with the EEOC on or about March 2014, claiming discrimination and retaliation.

13.  The EEOC issued its "Dismissal and Notice of Rights" on or about August 6, 2014.

14.  Valentine filed this lawsuit on October 31, 2014.

15. Defendants filed answers on December 29, 2014.

16. Defendants filed suggestions of bankruptcy on March 20, 2015 and this Court then dismissed the case without prejudice.

17. The bankruptcy court, pursuant to an agreement among the debtors and Valentine, signed an "Agreed Order Granting Relief from the Automatic Stay to Proceed Against Insurance" on October 5, 2015.

18. The Court reinstated the case on its docket on October 13, 2016.

19. On March 10, 2016, the Court, following the granting of Defendants' counsel's motion to withdraw, entered a default against Defendants.

### Conclusions of Law

1. Plaintiff has established a prima facie right to a default judgment for discrimination and retaliation in violation of Title VII.

2. Under Title VII, a plaintiff may recover economic damages, compensatory damages, and punitive damages. Economic damages include back pay and benefits.

3. The Court concludes that Valentine is entitled to recover $23,

174.55 in back pay and benefits.

4.   Given   the   hostility   and   sexual   harassment   Valentine
     experienced while employed by Defendant, reinstatement is not
     a feasible remedy.

5.   Valentine is not entitled to an award of front pay because he
     is currently earning more than he was earning when he was
     terminated by Defendant.

6.   Compensatory   damages   include   emotional   pain,   suffering,
     inconvenience, mental anguish, loss of enjoyment of life, and
     other non-pecuniary losses.

7.   The Court concludes that Valentine is entitled to recover
     $40,000.00 in compensatory damages.

8.   As the prevailing party, Valentine is entitled to attorney's
     fees and costs of Court.   Valentine incurred $23,800.00 in
     attorney's fees and $623.45 in costs.

9.   Valentine does not seek an award of prejudgment interest.

10.  Valentine has not shown that he is entitled to recover
     punitive damages.

11.  If any finding of fact should more properly be characterized

as a conclusion of law, it is hereby adopted as a conclusion of law. If any conclusion of law should more properly be characterized as a finding of fact, it is hereby adopted as a finding of fact.

## Order

Plaintiff's Motion for Entry of Judgment (Docket Entry No. 42) is **GRANTED** and the Court will enter a Final Judgment in accordance with these Findings of Fact and Conclusions of Law.

**SIGNED** at Houston, Texas, on this the 28th day of July, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE